**SO ORDERED: July 14, 2011.**



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THOMAS DALE BRADY ) | CASE NO. 11-2948-AJM-7A |
| CHRISTINE LEE BRADY ) | |
| ) | |
| Debtors ) | |

### ORDER DENYING TRUSTEE'S MOTION
### FOR TURNOVER OF RELOCATION EXPENSE ALLOWANCE

This matter came before the Court on June 30, 2011 for hearing on the Motion for Turnover filed by Paul Gresk, the chapter 7 trustee (the "Trustee"). The Trustee seeks turnover of a $5,000 job relocation allowance received by the Debtors after they filed their chapter 7 case. The Trustee appeared by his counsel, Lauren Grizzard; the Debtors appeared in person and by counsel, John Steinkamp.

*Background*

The Debtors filed this chapter 7 case on March 17, 2011 (the "Petition Date"). As of the Petition Date, co-debtor Christine Brady ("Christine") was employed at

1

Raytheon, a company that manufactures defense and homeland security technology systems. The Debtors' Schedule I indicated that the Debtors would be relocating to Alexandria, Virginia in May, 2011 because Raytheon had transferred Christine to a new work location.

Raytheon's company policy was to provide a $5,000 relocation allowance (the "Allowance") to its employees that it transferred and Christine qualified for this allowance. The Allowance was not a "reimbursement" because the relocated employee did not "front" any moving expenses. Rather, Raytheon gave the Allowance to the relocated employee in the form of a lump sum check. Raytheon deposited the Allowance into the Debtors' bank account on March 21, 2011, four (4) days *after* the Petition Date, and the Debtors used the Allowance for moving expenses incurred post petition, between March 23, 2011 and April 5, 2011. The Trustee argues that, as of the Petition Date, Christine held an "entitlement" to the Allowance as she had already been informed by Raytheon of the transfer.

## *Discussion*

"Property of the estate" is broadly defined under §541(a)(1) to include all the debtor's legal and equitable interests in property as of the commencement of the case. However, a mere "entitlement" to the Allowance as of the Petition Date is not enough to bring it into the estate under the facts here. As of the Petition Date, the Allowance had not yet been deposited into the Debtors' bank account – and hence the Debtors exercised no possession or control over it as of that point. As of the Petition Date, none of the services for which the funds were earmarked (truck rental, hotel stays while house hunting) had been performed. The situation here is *not* analogous to post receipt

2

of funds for services rendered pre petition, in which case the funds would be property of the estate.  See, *Parsons v. Union Planters Bank, et al (In re Parsons)*, 262 B.R. 475, 479 ( B.A.P. 8th Cir. 2001) (where debtor/real estate agent obtained ready, willing and able buyer pre petition, related commission paid at closing post petition was "property of the estate" because acts that earned the commission all took place pre petition).  Even if the Allowance had been deposited into the Debtors' account pre petition, it was earmarked for moving expenses, in which case the Debtors would have held only bare legal title, but no equitable ownership, in it.  *In re Preston*, 428 B.R. 340, 344-345 (Bankr. W.D.N.C. 2009) (holding that $5,000 travel advance received post petition for transfer that debtor knew of pre petition was not property of the estate).

The Court finds that the Debtors held no interest in the Allowance as of the Petition Date and therefore the Allowance is not property of the estate.  Because the Allowance is not property of the estate, it is not subject to turnover and the Court need not address whether it is "income".  Accordingly, the Trustee's motion, to the extent it seeks turnover of the Allowance, is DENIED. [1]

### # # #

John Steinkamp, Attorney for the Debtors
Lauren Grizzard, Attorney for Paul Gresk, Chapter 7 Trustee

---

[1] The Trustee also seeks turnover of the Debtors' state and federal tax refunds and 25% of Christine's wages earned but not paid as of the Petition Date.  Issues related to these requests have been resolved.